IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CONTIGUITY LLC,**<br>      Plaintiff,<br><br>      v.<br><br>**HIKVISION USA, INC.,**<br>      Defendant. | Case No. 3:23-cv-00160<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Contiguity LLC ("Plaintiff" OR "Contiguity") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,031,084 ("the '084 patent") (referred to as the "Patent-in-Suit") by Hikvision USA, Inc. ("Defendant" or "Hikvision").

## PARTIES

2.      Plaintiff is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003 New York, NY 10001.

3.      On information and belief, Defendant is a corporation organized and existing under the laws of California. Defendant employs local engineers and managers in the Northern District of Texas.  Defendant stores property in the Northern District of Texas, at least in the homes of Defendant's employees. Defendant continuously maintains a physical presence in the Northern District of Texas. See Exhibit C.

4.      On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would

1

be sold in Texas and this judicial district. Defendant can be served with process through their registered agent, Jessica Zhang, 18639 Railroad St., City of Industry, CA 91748, at its place of business, or anywhere else it may be found.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

8. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

9. Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,031,084 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '084 PATENT

10. The '084 Patent is entitled "Method and system for infraction detection based on vehicle traffic flow data," and issued 2011-10-04. The application leading to the '084 Patent was

filed on 2010-10-19. A true and correct copy of the '084 Patent is attached hereto as Exhibit A and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '084 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '084 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '084 Patent also identified in the charts incorporated into this Count below (the "Exemplary '084 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '084 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '084 Patent Claims, by having its employees internally test and use these Exemplary Products.

14. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

15. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '084 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '084 Patent. See Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

16. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '084 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '084 Patent.

17. Exhibit B includes charts comparing the Exemplary '084 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '084 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '084 Patent Claims.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit B.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '084 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly and indirectly one or more claims of the '084 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '084 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

 i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

 ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

 iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

DATED: January 20, 2023

Respectfully submitted,
**Ramey LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800

Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for CONTIGUITY LLC.*