**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| CONTIGUITY LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>HIKVISION USA, INC.,<br><br>                    Defendant. | Case No. 3:23-cv-00160 |

**DEFENDANT'S MOTION AND BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
<u>FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)</u>**

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ................................................................................................... 1

II.  BACKGROUND ................................................................................................... 2

    A.  The '084 Patent ........................................................................................ 2

    B.  The '084 Patent Litigation Campaign ...................................................... 3

    C.  The W.D. Texas Ruling That The '084 Patent Is Invalid Under 35 U.S.C.
        § 101 ........................................................................................................ 3

    D.  The Present Case & The FAC Against Hikvision ..................................... 4

III.  THE FAC AGAINST HIKVISION SHOULD BE DISMISSED. ................................... 5

    A.  The FAC Should be Dismissed Because The Asserted '084 Patent Claims
        Are Directed To Ineligible Subject Matter Under 35 U.S.C. § 101 ...................... 5

        1.  Alice Step One: The '084 Patent Claims Are Directed to an
            Abstract Idea. ............................................................................. 6

        2.  Alice Step Two: The '084 Patent Claims Do Not Recite Any
            Inventive Concept. ..................................................................... 10

    B.  The FAC Should Also Be Dismissed Because It Fails To State A Plausible
        Claim For Infringement Of The '084 Patent By Hikvision. ............................... 15

        1.  The FAC Fails To State A Plausible Claim For Direct
            Infringement. ............................................................................. 16

            a.  The "Transmit The Citation Signal To A Device Of A
                Person Associated With The Vehicle" Claim Limitation Is
                Highly Material. ............................................................. 16

            b.  The FAC Itself Confirms The Accused Hikvision Product
                Does Not "Transmit The Citation Signal To A Device Of A
                Person Associated With The Vehicle" As Required By All
                Claims. ......................................................................... 19

        2.  The FAC Fails To State A Plausible Claim for Indirect
            Infringement. ............................................................................. 21

IV.  THE FAC SHOULD BE DISMISSED WITH PREJUDICE. ....................................... 22

V.  CONCLUSION .................................................................................................... 22

## TABLE OF AUTHORITIES

Page

**CASES**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  573 U.S. 208 (2014).................................................................................. passim

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................15, 21

*Automated Tracking Sols., LLC v. Coca-Cola Co.*,
  723 F. App'x 989 (Fed. Cir. 2018) ......................................................................8

*Ballard v. Devon Energy Prod. Co., L.P.*,
  678 F.3d 360 (5th Cir. 2012) ............................................................................22

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*,
  687 F.3d 1266 (Fed. Cir. 2012).........................................................................15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................15

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ................................................................... passim

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
  927 F.3d 1306 (Fed. Cir. 2019).........................................................................12

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019)...........................................................................11

*Cisco Sys., Inc. v. Uniloc 2017 LLC*,
  813 F. App'x 495 (Fed. Cir. 2020) ....................................................................13

*Concaten, Inc. v. Ameritrak Fleet Sols.*,
  LLC, 131 F. Supp. 3d 1166 (D. Colo. 2015........................................................7

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
  776 F.3d 1343 (Fed. Cir. 2014)..........................................................................15

*Data Engine Techs. LLC v. Google LLC*,
  906 F.3d 999 (Fed. Cir. 2018)............................................................................17

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016)......................................................................9, 12

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
  839 F.3d 1089 (Fed. Cir. 2016).........................................................................8

*Glasswall Sols. Ltd. v. Clearswift Ltd.*,
  754 F. App'x 996 ...........................................................................................13

*Gottschalk v. Benson*,
  409 U.S. 63, 67 (1972)....................................................................................10

*Hockerson-Halberstadt, Inc. v. Avia Group Int'l, Inc.*,
  222 F.3d 951 (Fed. Cir. 2000)..........................................................................17

*iLife Techs., Inc. v. Nintendo of Am., Inc.*,
  839 F. App'x 534 (Fed. Cir. 2021) .....................................................................8

*In re Bill of Lading*,
  681 F.3d 1323 (Fed. Cir. 2012).........................................................................21

*In re Bilski*,
  545 F.3d 943 (Fed. Cir. 2008)............................................................................5

*In re Killian*,
  45 F.4th 1373 (Fed. Cir. 2022) ..........................................................................8

*In re TLI Commc'ns LLC Patent Litig.*,
  823 F.3d 607 (Fed. Cir. 2016)..........................................................................12

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
  572 U.S. 915 (2014).........................................................................................21

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995)............................................................................14

*Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*,
  566 U.S. 66 (2012)............................................................................................6

*Mendenhall v. Barber–Greene Co.*,
  26 F.3d 1573 (Fed. Cir. 1994)............................................................................5

# TABLE OF AUTHORITIES
(continued)

**Page**

*NetSoc, LLC v. Match Grp., LLC*,
No. 3:18-CV-01809-N, 2019 WL 3304704 (N.D. Tex. July 22, 2019)................................6, 8

*Parker v. Flook*,
437 U.S. 584 (1978)........................................................................................................10

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*,
No. 17-cv-1692, 2018 WL 6521978 (D. Del. Dec. 12, 2018) ................................................17

*Roton Barrier, Inc. v. Stanley Works*,
79 F.3d 1112 (Fed. Cir. 1996)............................................................................................14

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
65 F.4th 698 (Fed. Cir. 2023) ...........................................................................................22

*SAP Am., Inc. v. InvestPic, LLC*,
898 F.3d 1161 (Fed. Cir. 2018)................................................................................... passim

*Solomon v. Kimberly-Clark Corp.*,
216 F.3d 1372 (Fed. Cir. 2000)..........................................................................................14

*Ultramercial, Inc. v. Hulu, LLC*,
772 F.3d 709 (Fed. Cir. 2014).............................................................................................6

*Univ. of Fla. Rsch. Found., Inc. v. Gen. Elec. Co.*,
916 F.3d 1363 (Fed. Cir. 2019)........................................................................................8, 9

**STATUTES**

35 U.S.C. § 101................................................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Evid. 201(b)..........................................................................................................18

Rule 12(b)(6)...........................................................................................................3, 15, 22

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
|  | Declaration of Keith B. Davis in support of Hikvision's Motion to Dismiss |
| A | U.S. Patent No. 8,031,084 ("the '084 patent") |
| B | W.D. Texas Section 101 Order, Dkt. 27 in *Contiguity LLC, v. Conduent Business Services, LLC,* 6:23-cv-00038-XR, (W.D. Tex. May 12, 2023) |
| C | Chart of '084 patent claims 1-4, 8, 15 |
| D | Assignment History of the '084 Patent |
| E | Applicant's Response to First Office Action in U.S. Application No. 12/907,702 |
| F | Applicant's Amendments to the Claims in Response to First Office Action in U.S. Application No. 12/907,702 |

## I.      INTRODUCTION

Contiguity's First Amended Complaint ("FAC") alleges that Hikvision USA, Inc. ("Hikvision") infringes U.S. Patent No. 8,031,084 ("the '084 patent") (Ex. A (APPENDIX_007-17)).  The FAC should be dismissed for two independent reasons.

***First***, a sister court in this Circuit has already ruled that the '084 patent is invalid as a matter of law under 35 U.S.C. § 101, and this Court should follow that prior ruling.  *See* WD Texas Section 101 Order (attached as Exhibit B (APPENDIX_019-28)).  Correctly applying the Supreme Court's *Alice* test, W.D. Texas Judge Rodriguez ruled in May 2023 that the '084 patent claims are invalid under § 101 because they are directed to an abstract idea and they fail to articulate an inventive concept.  Judge Rodriguez's reasoning is sound, and this Court should reach the same conclusion regarding the '084 patent claims.

***Second***, even if the Court were to find the '084 claims to be patent-eligible, the FAC fails to state a plausible claim for infringement by Hikvision.  The FAC and the attached claim chart plead facts that are inconsistent with, and contradict, Contiguity's infringement allegations.  The '084 patent claims require attempting to transmit a "citation signal" (*i.e.*, a speeding ticket) to "a device of a person associated with a vehicle," rather than having police issue a speeding ticket in the conventional way.  As the FAC expressly pleads, in the accused Hikvision product, any alleged "citation signal" is transmitted to ***police***, and ***not*** to ***a person's device***, as all the '084 patent claims require.  With its inconsistent and contradictory allegations, Contiguity has "pleaded itself out of court" under governing Federal Circuit precedent. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352-54 (Fed. Cir. 2021).

## II.    BACKGROUND

### A.    The '084 Patent.

The '084 patent is directed to a "method, system and computer program product for vehicle speed acquisition and citation." *See* Ex. A at Abstract (APPENDIX_007).  The '084 patent describes using cameras to monitor the speed of a vehicle traveling between two measurement points:

Embodiments of the present invention provide a method, system and computer program product for vehicle speed acquisition and citation. In accordance with an embodiment of the present invention, multiple different imaging systems can be placed individually at different locations along a route of travel, such as a highway, byway or waterway. Images of different vehicles can be captured at each of the locations and different ones of the different vehicles can be image-recognized. A time of travel between pairs of the locations can be determined for selected ones of the different vehicles in order to compute a rate of travel for the selected ones of the different vehicles. When a speed of a vehicle exceeds a speed limit, a citation signal is generated, and the vehicle owner may be automatically cited for speeding.



*FIG. 1*

Ex. A at 3:16-29, FIG. 1 (APPENDIX_008, 014).  The '084 Patent discloses first and second camera "imaging stations," spaced a known distance apart.  Image data and time stamps are recorded at each station and used to calculate the speed of the vehicle.  The '084 Patent further discloses that a "citation signal" (*i.e.*, a speeding ticket) may be generated based on the vehicle's speed and thereafter transmitted or communicated over a network.

Judge Rodriguez summarized the '084 patent as follows:

> 1. The patent is titled "method and system for infraction detection based on vehicle traffic flow data" and is used to monitor vehicle speeds. *Id*. First, multiple devices are placed at several geographic locations along a single route, such as a highway. ECF No. 1-1. Then, the devices monitor the time it takes for a vehicle to travel from one device to another by taking images at each station and comparing the timestamps of the images, thereby calculating the vehicle's speed. *Id*. If the vehicle travels faster than the predetermined speed limit for the area, an automatic citation signal is generated. *Id*.

Ex. B at 1 (APPENDIX_019).

### B.     The '084 Patent Litigation Campaign.

The '084 patent issued to Ariel Inventions, LLC in 2011 and was acquired over a decade later by Contiguity. *See* Exs. A & D (APPENDIX_007-17; APPENDIX_032-33). Within four months of acquiring the '084 patent, Contiguity began asserting the patent against multiple entities, in addition to Hikvision.

- *Contiguity, LLC v. Traffic Logix Corporation*, 3-23-cv-00187 (N.D. Tex.): filed Jan. 25, 2023, and voluntarily dismissed Feb, 15, 2023, before the defendant answered;

- *Contiguity, LLC v. Jenoptik North America, Inc. et al.*, 9-23-cv-80233 (S.D. Fla.): filed Feb. 13, 2013, and voluntarily dismissed May 5, 2023, one day after the defendants filed a Rule 12(b)(6) motion arguing the '084 patent is invalid under 35 U.S.C. § 101;

- *Contiguity, LLC v. Conduent Business Services, LLC*, 6-23-cv-00038 (W.D. Tex.): filed Jan. 20, 2023, and currently pending, as discussed below.

### C.     The W.D. Texas Ruling That The '084 Patent Is Invalid Under 35 U.S.C. § 101.

In the only other still-pending parallel case, Contiguity asserted the '084 patent against Conduent Business Services ("Conduent") in the Western District of Texas. Conduent filed a

motion to dismiss the original complaint, in part, because the '084 patent claims are invalid under 35 U.S.C. § 101. W.D. Tex. No. 6-23-cv-00038, Dkt. 7. W.D. Texas Judge Rodriguez granted that motion on May 12, 2023, finding independent claim 1 and dependent claim 4 of the '084 patent invalid under § 101. *See* Ex. B (W.D. Texas Section 101 Order (APPENDIX_019-028)).

Judge Rodriguez dismissed without prejudice, giving Contiguity an opportunity to amend. Ex. B at 10 (APPENDIX_028). Contiguity filed a first amended complaint in W.D. Texas on June 9, 2023, adding a number of new paragraphs to the body of the pleading and attaching a declaration from the named inventor of the '084 patent, Leigh Rothschild. Conduent Dkt. 31 (Jun. 9, 2023).

Conduent thereafter renewed its § 101 challenge, filing a motion to dismiss the first amended complaint on June 23, 2023. Conduent Dkt. 33 (Jun. 23, 2023). Conduent maintains that the amended pleading "pleads no additional facts which would alter the outcome [under § 101] in any way." *Id.* at 5 (Jun. 23, 2023). As of the filing of Hikvision's motion here, Conduent's renewed motion to dismiss on § 101 grounds remains pending before Judge Rodriguez.

### D.    The Present Case & The FAC Against Hikvision.

Contiguity originally filed this case asserting the '084 patent against Hikvision on January 20, 2023. After Judge Rodriguez's May 2023 ruling of § 101 invalidity in the W.D. Texas case against Conduent, Contiguity filed the FAC in this case on June 26, 2023 (Dkt. 18), adding new allegations that mirror the amendments recently made in the Conduent case.

The FAC against Hikvision adds statements about the '084 patent in new paragraphs 11-25; these paragraphs are copied verbatim from the newly-added paragraphs in the W.D. Texas amended pleading against Conduent. *See* Dkt. 18. The FAC against Hikvision also attaches a declaration from the '084 patent inventor Mr. Rothschild; the Rothschild declaration here is likewise identical to the declaration submitted in the W.D. Texas case. *See* Dkt. 18-4.

The FAC against Hikvision includes a claim chart purportedly identifying the Hikvision "Speed Measurement Solution" product as allegedly infringing the '084 patent.  Dkt. 18-2.  The body of Contiguity's FAC does not identify specific asserted patent claims, but the attached claim chart refers to '084 independent claim 1 and dependent claims 2 and 3.  *Id.*

## III.    THE FAC AGAINST HIKVISION SHOULD BE DISMISSED

The FAC against Hikvision should be dismissed on two independent grounds: (A) because the '084 patent claims are invalid as a matter of law under § 101; and (B) because Contiguity fails to state a plausible claim for infringement by Hikvision.

If the Court agrees with W.D. Texas Judge Rodriguez and finds the '084 patent claims invalid under § 101[1], however, then the Court need not reach the second ground and determine whether the infringement claims against Hikvision are plausible.

### A.    The FAC Should be Dismissed Because The Asserted '084 Patent Claims Are Directed To Ineligible Subject Matter Under 35 U.S.C. § 101.

Whether a claim is drawn to patent-eligible subject matter under 35 U.S.C. § 101 is an issue of law.  *In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008).  Patent eligibility under § 101 is a threshold legal issue that "may be, and frequently has been, resolved on a 12(b)(6) or (c) motion."

---

[1] The Supreme Court has held that "once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel."  *Mendenhall v. Barber–Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994).  Hikvision maintains that collateral estoppel applies in this case.

Contiguity may contend, though, that Judge Rodriguez's prior § 101 invalidity ruling was limited to Contiguity's original complaint in the Conduent case, rather than the amended complaint filed on June 9, 2023.  In any event, Conduent has filed a renewed motion to dismiss that amended complaint in the W.D. Texas case, which is virtually identical to the FAC against Hikvision here.  If Judge Rodriguez grants Conduent's renewed motion to dismiss the amended complaint in the W.D. Texas case—again finding the '084 patent claims invalid under § 101—there can be no reasonable argument against the application of collateral estoppel to bar Contiguity's claims against Hikvision here.

*SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018); *see, e.g., NetSoc, LLC v. Match Grp., LLC*, No. 3:18-CV-01809-N, 2019 WL 3304704 (N.D. Tex. July 22, 2019) (finding patent claims invalid under § 101 and granting 12(b)(6) motion to dismiss).  "Failure to recite statutory subject matter is the sort of 'basic deficiency,' that can, and should, 'be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718-19 (Fed. Cir. 2014) (Mayer, J., concurring).

Patent eligibility under § 101 is analyzed using the Supreme Court's two-step framework articulated and reaffirmed in *Alice*:

> (1) The "Court must first determine whether the claims at issue are directed to a patent-ineligible concept," like an abstract idea.
>
> (2) If so, the court then "consider[s] the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application."

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217-18 (2014); *see also Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66 (2012).

The '084 patent was issued by the USPTO in October 2011, before the Supreme Court's decision in *Mayo* and nearly 3 years before *Alice*.  The '084 patent claims fail both steps of the *Alice* test.

### 1.  *Alice* Step One: The '084 Patent Claims Are Directed to an Abstract Idea.

At *Alice* step one, Judge Rodriguez correctly found the '084 patent claims fail step one of the *Alice* framework because they "are directed to the abstract idea of collecting, analyzing, and displaying data."  WD Texas Section 101 Order at 5-8 (Ex. B (APPENDIX_023-26)).  Judge Rodriguez scrutinized the '084 patent and concluded the claims were directed to a patent-ineligible abstract idea:

> After evaluating the pleadings and the '084 Patent specifications, the Court has determined that the '084 Patent is focused on the abstract concept of collecting and analyzing data, and merely mechanizes concepts capable of resolution by the human brain.

Ex. B at 6 (APPENDIX_024).

Reviewing '084 claims 1-3 confirms the correctness of Judge Rodriguez's prior determination, as these claims are directed solely to the abstract concept of collecting, analyzing, and displaying or transmitting vehicle-related data:

| U.S. 8,031,084 | |
|---|---|
| 1. A method of infraction detection based on vehicle traffic flow data, the method comprising: | |
| ***acquiring*** first imagery of a plurality of vehicles at a first location at a first time; | collecting data |
| ***acquiring*** second imagery of a plurality of vehicles at a second location at a second time; | collecting data |
| ***identifying*** a first vehicle from the acquired first imagery and the acquired second imagery; | analyzing data |
| ***determining*** a speed of the first vehicle; | analyzing data |
| ***generating*** a citation signal when the speed of the first vehicle exceeds a predetermined speed; and | analyzing data |
| ***attempting to transmit the citation signal to a device*** of a person associated with the vehicle. | displaying or transmitting / communicating data |
| 2. The method of claim 1, wherein ***the citation signal is communicated*** to a law enforcement agency. | displaying or transmitting / communicating data |
| 3. The method of claim 2, wherein at least a portion of at least one of the acquired ***first and second imagery is communicated*** to the law enforcement agency. | displaying or transmitting / communicating data |

Ex. A (APPENDIX_007-17). These claims are directed to a series of steps for manipulating data and nothing more: collecting vehicle data ("acquiring imagery"); analyzing the data ("identifying a vehicle", "determining a speed," "generating a citation signal"); and displaying or transmitting the results of the data collection and analysis ("attempting to transmit the citation signal to a device," "imagery is communicated to the law enforcement agency"). *Compare Concaten, Inc. v. Ameritrak Fleet Sols.*, LLC, 131 F. Supp. 3d 1166, 1172 (D. Colo. 2015), (finding patent

claims directed to abstract idea of "collecting information from a vehicle and transmitting that information over a network" invalid under § 101), *aff'd*, 669 F. App'x 571 (Fed. Cir. 2016).

As this Court has recognized, "presenting results of data collection and analysis [is] something that the Federal Circuit has explicitly said resides squarely in the realm of abstract ideas." *NetSoc*, 2019 WL 3304704 at *2.  Indeed, the Federal Circuit has consistently and repeatedly held invalid under § 101 patent claims directed to abstract techniques for collecting, analyzing, and displaying or presenting/transmitting the results of the data collection and analysis.  *See, e.g., In re Killian*, 45 F.4th 1373, 1380 (Fed. Cir. 2022) ("We have found similar claims pertaining to data gathering, analysis, and notification on generic computers to be directed to abstract ideas at *Alice/Mayo* step one."); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, 839 F. App'x 534, 536 (Fed. Cir. 2021) (affirming finding that patent claim was directed to abstract idea of "gathering, processing, and transmitting information"); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) ("selecting certain information, analyzing it using mathematical techniques, and reporting or displaying the results of the analysis … is all abstract"); *Automated Tracking Sols., LLC v. Coca-Cola Co.*, 723 F. App'x 989, 993 (Fed. Cir. 2018) (affirming dismissal under § 101 where claims directed to abstract idea of "collecting data from sensors, analyzing that data, and determining results based on the analysis of data"); *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1093-94 (Fed. Cir. 2016) (claims directed to abstract idea of "collecting and analyzing information to detect misuse and notifying a user when misuse is detected" invalid under § 101).

Judge Rodriguez looked to Federal Circuit precedent and found the '084 patent claims to be similar to the claims held invalid under § 101 in two cases: *Univ. of Fla. Rsch. Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1367 (Fed. Cir. 2019) (data "was previously collected, analyzed,

manipulated, and displayed manually, and [the patent] simply proposes doing so with a computer"); and *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) ("collecting information, analyzing it, and displaying certain results of the collection and analysis").  He determined that, "[l]ike the patents at issue in *Univ. of Fla. Rsch. Found., Inc.* and *Elec. Power Grp. LLC*, the '084 Patent is fundamentally concerned with collecting data for presentation":

> The '084 Patent is analogous to patents in both *Univ. of Fla. Rsch. Found., Inc.* and *Elec. Power Grp., LLC* and falls into the category of collecting information. The '084 system collects information (images of a vehicle), analyzes it (compares two images to calculate speed), and displays results (whether or not the vehicle exceeded the speed limit). While Plaintiff notes that the collection is directed to a particular problem—traffic congestion—limiting the invention to a technological environment does "not make an abstract concept any less abstract." *Elec. Power*

> *Grp.,* 830 F.3d at 1353 ("Accordingly, we have treated collecting information, including when limited to particular content (which does not change its character as information), as within the realm of abstract ideas.").

Ex. B at 7-8 (APPENDIX_025-26).

> Moreover, like the claims in *Univ. of Fla. Rsch. Found., Inc.*, the '084 Patent describes its method in purely functional terms. For example, claim 1 covers "acquiring" images, "identifying" vehicles, "determining the speed," "generating a citation," and "attempting to transmit" the citation. In doing so, the claims are "directed to the use of conventional or generic technology in a nascent but well-known environment, without any claim that the invention reflects an inventive solution to any problem presented by combining the two." *In re TLI,* 823 F.3d at 612.

Ex. B at 8 (APPENDIX_026).

To the extent the "method of infraction detection" recited in the '084 patent claims "conducts mathematical analysis on the images," Judge Rodriguez properly recognized that "scientific truth[s], or the mathematical expression of it, [are] not patentable invention[s]."  Ex. B at 8 (APPENDIX_026) (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)); *see also Parker v. Flook*, 437 U.S. 584, 595 (1978) ("if a claim is directed essentially to a method of calculating, using a mathematical formula, even if the solution is for a specific purpose, the claimed method is nonstatutory").  And "while the '084 patent 'computes speed,'" Judge Rodriguez correctly concluded that these calculations "essentially equate to a human mental process, which is a subcategory of abstract ideas." *Id.* (citing *Benson*, 409 U.S. at 67 and *Elec. Power Grp.,* 830 F.3d at 1355).

In sum, in the '084 patent, "the focus of the claims is not a physical-realm improvement but an improvement in wholly abstract ideas—the selection and mathematical analysis of information, followed by reporting or display of the results" *SAP*, 898 F.3d at 1168.  This Court should find the claims of the '084 patent to be directed to an abstract idea, just as Judge Rodriguez did.

## 2. *Alice* Step Two: The '084 Patent Claims Do Not Recite Any Inventive Concept.

*Alice* step two considers whether the patent claim elements, individually or as an ordered combination, provide an "inventive concept."  *Alice*, 573 U.S. at 221 (citing *Mayo*, 132 S. Ct. at 1297-98).  "A claim that recites an abstract idea must include 'additional features' to ensure 'that the [claim] is more than a drafting effort designed to monopolize the [abstract idea]," and the Court looks to "whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 217, 221.  The "additional elements," however, "cannot simply be well-understood, routine, [or] conventional activities previously known to the industry."

*ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 773 (Fed. Cir. 2019).  Here, the '084 patent claims fail to add any technological improvement or otherwise provide "something more" to "transform" the claims into patent-eligible subject matter.

At *Alice* step two, Judge Rodriguez determined, correctly, that the '084 patent claims "at their essence ... describe a method to assess a vehicle's speed" and fail to recite an inventive concept:

> Plaintiff's claims do not describe an inventive concept. At their essence, claims 1 and 4 describe a method to assess a vehicle's speed: Plaintiff's devices acquire images of a vehicle at two different points, identify the vehicle in both images as one and the same, determine the vehicle's speed using basic arithmetic, and then either generate a citation or transfer this information to a "subscriber," oftentimes law enforcement. Claims 1 and 4 effectively digitize a mathematical equation (speed = distance ÷ time) but fail to provide any technical detail on how the invention goes beyond plugging in collected data to that equation. For example, the claims do not cover the specific camera system used in the devices, the vehicle system that integrates the images with a navigation system, nor the technology that automatically generates a citation. Even if Plaintiff is correct that it was the first to digitize detecting traffic infractions, without providing additional details of the unique collection methods—perhaps the camera, the means of reporting the data or the communication system—or algorithm, the claims merely embody an abstract concept. In conclusion, "simply implementing a mathematical principle on a physical machine, namely, a computer, [is] not a patentable application of that principle." *Mayo*, 566 U.S. at 84 (citing *Benson*, 409 U.S. at 71).

WD Texas Section 101 Order at 9-10 (Ex. B (APPENDIX_027-28)).

Judge Rodriguez recognized that the '084 patent claims fail to provide any "technical detail" on how the "method of infraction detection" "goes beyond plugging in collected data to [a

11

mathematical] equation." *Id.*  There is no technical detail in the claims regarding the "specific camera system," the "vehicle system that integrates the images with a navigation system," or the "the technology that automatically generates a citation." *Id.*  There is likewise no technical detail in the claims regarding the "the camera, the means of reporting the data, or the communication system." *Id.*

The inventive concept cannot stem from the abstract idea itself to satisfy § 101.  *SAP*, 898 F.3d at 1163.  Where, as here, a patent claim's only alleged inventive concept involves the application of the abstract idea using "conventional and well-understood techniques[,]" then the claim has not been transformed into a patent-eligible application of an abstract idea.  *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1316 (Fed. Cir. 2019).  Implementing an abstract idea in a "particular technological environment" with conventional computer and network technology is "insufficient." *Elec. Power Grp.*, 830 F.3d at 1354-55. As is incorporating conventional hardware components. *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).

Claims 1-3 do not recite—and the '084 patent does not even disclose—any purportedly new image/video capture device or new camera technology, nor does the '084 patent describe any new computer or networking technologies.  Indeed, the '084 specification's description of the claimed technical components confirms they are off-the-shelf generic equipment.  *See* Ex. A at 7:21-62 (APPENDIX_016).  The use of generic cameras, computers, and networking technology does not amount to an "inventive concept" that "transform[s] a patent-ineligible abstract idea into a patent-eligible invention."  *Alice*, 573 U.S. at 223; *Elec. Power Grp.*, 830 F.3d at 1355 ("Nothing in the claims, understood in light of the specification, requires anything other than off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information").

Nothing in the FAC or the attached inventor declaration from Mr. Rothschild identifies any "inventive concept" beyond the abstract idea of collecting and manipulating vehicle data, and none of the newly-added material in the FAC supports a conclusion contrary to the one already reached by Judge Rodriguez at *Alice* step two.  The FAC and the Rothschild declaration merely repeat passages from the '084 patent specification, which Judge Rodriguez had already considered when he found the claims invalid under § 101.  Ex. B at 6 (APPENDIX_024) ("After evaluating the pleadings and the '084 Patent specifications …").  Judge Rodriguez also previously acknowledged that "Plaintiff claims that the '084 Patent is the first mechanized 'solution' to determining traffic congestion and speeding infractions," but he nevertheless determined that "Plaintiff's claims do not describe an inventive concept" and that "[e]ven if Plaintiff is correct that it was the first to digitize detecting traffic infractions, without providing additional details of the unique collection methods—perhaps the camera, the means of reporting the data or the communication system—or algorithm, the claims merely embody an abstract concept."  Ex. B at 10 (APPENDIX_028).  Judge Rodriguez's analysis was spot-on.

As for Mr. Rothschild's conclusory assertions that his '084 patent claims cover "inventive concepts" and improvements that were not "well-understood, routine, and conventional," the Court may disregard these assertions since they are nothing more than boilerplate legal conclusions to attempt to stave off a § 101 ruling.  *See Cisco Sys., Inc. v. Uniloc 2017 LLC*, 813 F. App'x 495, 498-99 (Fed. Cir. 2020) (affirming § 101 dismissal and finding district court correctly disregarded "purported factual allegations [that] were conclusory statements regarding eligibility," such as "general allegations" that "the patent's disclosure and claims are drawn to solving a specific, technical problem" and "the inventions of the [asserted] patent were not well-understood, routine or conventional at the time of the invention"); *Glasswall Sols. Ltd. v. Clearswift Ltd.*, 754 F. App'x

996. 999 (Fed. Cir. 2018) (affirming dismissal under § 101 and finding that expert "declaration of the alleged advantages in the claimed invention also does not preclude dismissal on the pleadings" where "[t]he alleged 'factual' assertions" pointed to by patent owner "are not factual in nature, but conclusory legal assertions which the district court was 'not bound to accept as true'").  Moreover, Mr. Rothschild's litigation-derived, self-serving inventor testimony is of no probative value in assessing the scope of the patent claims.  *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379–80 (Fed. Cir. 2000); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) ("it is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claims is after allowance by the PTO"); *Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1126 (Fed. Cir. 1996) ("We have previously stated that an inventor's after-the-fact testimony is of little weight compared to the clear import of the patent disclosure itself.").

The FAC fails to identify any inventive concept sufficient to transform the claimed abstract idea into a patent-eligible invention.

* * *

Claims 1-3 of the '084 patent fail both steps of the *Alice* test.  The claims are directed to the abstract idea of collecting, analyzing, and displaying or transmitting vehicle data, and they add no inventive concept that is significantly more than the abstract idea itself; instead, the claims merely use generically-described, conventional off-the-shelf technology to implement the abstract idea.  The claims are invalid under 35 U.S.C. § 101.

* * *

Asserted independent claim 1 of the '084 patent is directed to a "method of infraction detection" and is representative for purposes of § 101 because "all the claims are substantially

14

similar and linked to the same abstract idea." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014). The other two (non-asserted) independent claims are similarly directed to an "apparatus for determining a vehicle speeding infraction" (claim 8) and a "system of determining a speeding violation by a vehicle" (claim 15). The apparatus and system claims are directed to the same abstract idea as recited in independent claim 1 (see Ex. C (APPENDIX_030)), and are likewise invalid under § 101. *See Alice*, 573 U.S. at 227 ("Because petitioner's system and media claims add nothing of substance to the underlying abstract idea, we hold that they too are patent ineligible under § 101."); *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1277 (Fed. Cir. 2012). While independent claims 8 and 15 may recite generic "memory" or "processor" or "video/image capture devices," these are merely off-the-shelf components that Contiguity does not claim to have invented. *SAP*, 898 F.3d at 1169-70 ("But it is clear, from the claims themselves and the specification, that these limitations require no improved computer resources [the patentee] claims to have invented, just already available computers, with their already available basic functions, to use as tools in executing the claimed process.").

### B. The FAC Should Also Be Dismissed Because It Fails To State A Plausible Claim For Infringement Of The '084 Patent By Hikvision.

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In the patent infringement context, the Federal Circuit has held that "a plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F. 4th 1342, 1352 (Fed. Cir.

15

2021).  According to the Federal Circuit, a patent owner "cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."  *Id.* at 1353.  And, moreover, "a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims."  *Id.* at 1346.

### 1.      The FAC Fails To State A Plausible Claim For Direct Infringement.

Contiguity's FAC should be dismissed because it fails to plausibly allege that the accused Hikvision products infringe the '084 patent claims, and actually pleads facts confirming that Hikvision does not practice a material claim limitation: the "***transmit the citation signal to a device of a person associated with the vehicle***" limitation.  As the FAC expressly pleads, in the accused Hikvision product, any "citation signal" is transmitted to ***police*** or ***law enforcement***, and ***not*** to the ***device of a person associated with a vehicle***, as all the '084 patent claims require.

### a.      The "*Transmit The Citation Signal To A Device Of A Person Associated With The Vehicle*" Claim Limitation Is Highly Material.

The FAC pleads that during prosecution before the USPTO of the application that issued as the '084 patent, certain of the claim limitations were emphasized as being material to the patentability of the alleged invention.  In particular, the FAC pleads that during prosecution, the USPTO Examiner was told that the claim limitation "attempting to transmit the citation signal to a device of a person associated with the vehicle" was not disclosed in the prior art:

> 19.      "Indeed, during prosecution of the '084 Patent, it was brought to the attention of the U.S. Patent & Trademark Office ("USPTO") Examiner that the prior art did not disclose or suggest the above-mentioned steps of 'generating a citation signal' and 'attempting to transmit the citation signal.'" Rothschild Decl., ¶ 16

> 20.      "In an amendment filed on or about March 7, 2011 during prosecution of the '084 Patent, it was pointed out that the prior art did not teach 'transmitting a citation signal that indicates a violation.' Generating and transmitting a citation signal, as claimed in Claim 1 of the '084 Patent, was not even known in the prior art, much less well-understood, routine, and conventional." Rothschild Decl., ¶ 17.

> 21.      "These inventive concepts are captured in the 'generating a citation signal when the speed of the first vehicle exceeds a predetermined speed' and 'attempting to transmit the citation signal to a device of a person associated with the vehicle' steps of Claim 1 of the '084 Patent, both individually and in combination. Rothschild Decl., ¶ 18.

FAC, Dkt. 18 at ¶¶19-21; *see also* ¶¶24-25.

Indeed, during prosecution, the Examiner rejected the original patent claims based on multiple prior art references. *See* Ex. E at 7-10 (APPENDIX_035-38).[2] To overcome the

---

[2] Contiguity explicitly references the '084 patent prosecution history in the FAC (¶¶ 19-21), and the publicly-available prosecution history is subject to judicial notice. *See, e.g., Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) (on a motion for judgment on the pleadings, "the court may consider 'matters of public record,' such as '[p]rosecution histories'"); *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. 17-cv-1692, 2018 WL 6521978, at *11 (D. Del. Dec. 12, 2018) (court taking "judicial notice of the file history of the asserted patents because they are public record" in deciding 12(b)(6) motion to dismiss); *see also Hockerson-Halberstadt, Inc. v. Avia Group Int'l, Inc.*, 222 F.3d 951, 957 (Fed. Cir. 2000) ("The prosecution history constitutes a public record of the patentee's representations concerning the scope and meaning of the claims, and competitors are entitled to

USPTO's rejection—and in order to gain allowance—the Applicant amended each of the

independent claims to expressly require "attempting to transmit/communicate" the citation signal

"***to a device of a person associated with the vehicle***":

| Independent Claim 1 | Independent Claim 8 | Independent Claim 15 |
|---|---|---|
| "attempting to transmit the citation signal ***to a device of a person associated with the vehicle***" | "attempting to communicate the citation signal ***to a device of a person associated with the vehicle***" | "attempting to transmit the citation signal ***to a device of a person associated with the vehicle***" |

*See* Ex. F at 2-6 (APPENDIX_041-45) (emphasis added) (application claims 1, 9, and 17

issued as claims 1, 8, and 15).  The Applicant argued this newly-added claim limitation

distinguished over the conventional prior art approach of police issuing a speeding ticket

when a vehicle exceeded a speed limit.  *Id.*

        The FAC and the prosecution history confirm that the limitation requiring the step of

attempting to transmit/communicate the citation signal "***to a device of a person associated with

the vehicle***" was specifically added to all the claims during prosecution to distinguish over the

prior art and gain allowance of the '084 patent.  This claim limitation is therefore necessarily

material, and Contiguity must plead facts showing how this material limitation is present in the

accused Hikvision product.  *Bot M8*, 4 F. 4th at 1353 ("[t]he level of detail required in any given

case will vary depending upon a number of factors, including … the materiality of any given

element to practicing the asserted claim(s) **…** ").  But the FAC actually pleads facts to the

contrary, demonstrating that this claim limitation is indisputably ***not*** present in the accused

Hikvision product.

---

rely on those representations when ascertaining the degree of lawful conduct, such as designing
around the claimed invention."); Fed. R. Evid. 201(b).

   **b.** **The FAC Itself Confirms The Accused Hikvision Product Does Not "*Transmit The Citation Signal To A Device Of A Person Associated With The Vehicle*" As Required By All Claims.**

In its FAC, Contiguity includes a claim chart in support of its allegation that '084 patent claims 1-3 are infringed. *See* Dkt. 18-2. Contiguity's claim chart identifies Hikvision's "Speed Measurement Solution" as the allegedly-infringing product. *Id.* Contiguity's claim chart includes multiple excerpts that confirm there can be no infringement of the '084 patent claims because the claim limitation "attempting to transmit the citation signal to a device of a person associated with the vehicle" is not met:

> When the vehicle exceeds the predetermined car limit, a citation (or traffic violation event) is generated. The traffic violation event (here, over-speeding alert) is send to police and then police issues traffic tickets to drivers of the vehicles.

> The speed violation data is firstly sent to police (law enforcement agency) for review.

> **TRAFFIC TICKET MANAGEMENT**
>
> ### Verifying Violations with Recorded Evidence
>
> Traffic cameras automatically identify and report traffic violation events such as running red lights, speeding, improper lane usage, illegal parking, using a phone while driving, and failure to use a seat belt. Traffic officers can then search for and verify reported events manually. And when violations are confirmed, traffic officers can issue traffic tickets using the captured video as evidence.

*See* Dkt. 18-2, at 10, 12-13. Nothing in these excerpts, nor any other material in the claim chart, alleges that a citation signal is transmitted or communicated "***to a device of a person associated with the vehicle,***" as the '084 claims necessarily require. *See* Dkt. 18-2, at 9-10. Instead, Contiguity's claim chart expressly states that a citation signal is allegedly "generated" and then the traffic violation event "***is send [sic] to police and then police issues traffic tickets* to drivers of the vehicles." Dkt. 18-2, at 10 (emphasis added). Contiguity's claim chart attached to the FAC further alleges that "speed violation data is *firstly sent to police (law enforcement agency)*

for review," with "traffic officers" able to "search for and verify reported events manually"—and "when violations are confirmed, ***traffic officers can issue traffic tickets*** using the captured video as evidence." *Id.* at 12-13 (emphasis added).  The FAC itself thus alleges that the Hikvision product transmits a citation signal "to police"—and ***not*** "to a device of a person associated with the vehicle"—with the "police issu[ing] traffic tickets to the drivers of the vehicles" in the conventional way.  Consequently, Contiguity has pleaded "an inconsistency that is fatal to its infringement case." *Bot M8*, 4 F.4th at 1354 ("Where, as here, the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim.") (emphasis in original).

The infringement allegations in the FAC are not only inconsistent with the literal claim language, they contradict the USPTO prosecution history recounted in the FAC.  As the FAC itself alleges (¶¶ 18-20, 24-25), the step of "attempting to transmit the citation signal to a device of a person associated with the vehicle" was added to the patent claims during prosecution to persuade the USPTO to issue the '084 patent.  During prosecution, in fact, the Applicant argued to the USPTO that the prior art Trajkovic's traffic monitoring system "issues a ticket when a vehicle exceeds a speed limit, makes an unlawful turn, or fails to stop at a stop sign." *See* Ex. E at 8 (APPENDIX_036).  The Applicant further represented to the USPTO that "[m]erely issuing a ticket is not the same as transmitting a signal that indicates a violation," and "[p]ut another way, Trajkovic fails to teach or suggest attempting to transmit or communicate 'a citation signal to a wireless device of a person associated with the vehicle,'" as required by the newly-added claim limitations. *Id*.  The infringement allegations in the FAC wholly contradict these representations made to the USPTO during prosecution that the '084 patent claims are limited to

20

transmitting/communicating a citation signal "to a device of a person associated with the vehicle," and do ***not*** cover the police or traffic officers issuing a ticket as in the prior art.

Contiguity's FAC and claim chart plead facts that are inconsistent with, and contradict, Contiguity's infringement allegations. Thus, Contiguity has "pleaded itself out of court." *Bot M8*, 4 F.4th at 1346.

### 2.      The FAC Fails To State A Plausible Claim for Indirect Infringement.

Because liability for indirect patent infringement requires an underlying act of direct infringement, a complaint must plausibly allege direct infringement for an inducement claim to survive a motion to dismiss. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014) ("[W]here there has been no direct infringement, there can be no inducement of infringement under § 271(b)."). Here, as explained above, Contiguity's FAC fails to state a plausible claim for direct infringement against Hikvision, and, consequently Contiguity's inducement claim in the FAC fails for this reason alone.

Additionally, for an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer both "specifically intended [another party] to infringe [the patent]" and "knew that the [other party]'s actions constituted infringement." *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Contiguity's FAC fails to plead any facts supporting a claim that Hikvision knew that a third party was infringing the '084 patent, nor any facts showing that Hikvision specifically intended for a third party to infringe. The FAC contains only "[t]hreadbare recitals of the elements" of an inducement claim, and these conclusory statements do not plead a plausible claim. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## IV.     THE FAC SHOULD BE DISMISSED WITH PREJUDICE

Contiguity already attempted to cure the deficiencies in its pleading via the material added in the FAC. But even as amended, the FAC remains deficient because the '084 patent claims are simply invalid as a matter of law under § 101.  *Sanderling Mgmt. Ltd. v. Snap Inc.,* 65 F.4th 698, 706 (Fed. Cir. 2023) ("No amendment to a complaint can alter what a patent itself states.").  And, in any event, Contiguity cannot plausibly allege infringement because—even according to Contiguity—the accused Hikvision product lacks an element required by all the patent claims ("attempting to transmit/communicate the citation signal to a device of a person associated with the vehicle").  Giving Contiguity a third bite at pleading infringement of the '084 patent would be futile, and dismissal with prejudice is therefore warranted.  *Ballard v. Devon Energy Prod. Co.*, *L.P.*, 678 F.3d 360, 364 (5th Cir. 2012).

## V.      CONCLUSION

The '084 patent claims are invalid under 35 U.S.C. § 101, and Contiguity has failed to state a plausible claim for infringement of the '084 patent by Hikvision.  The FAC should be dismissed with prejudice under Rule 12(b)(6).

Dated: July 10, 2023                    Respectfully submitted,

                                        */s/ Keith B. Davis*
                                        Keith B. Davis
                                        Texas State Bar No. 24037895
                                        JONES DAY
                                        2727 North Harwood Street
                                        Dallas, TX 75201.1515
                                        Telephone: +1.214.220.3939
                                        Facsimile: +1.214.969.5100

                                        *ATTORNEY FOR DEFENDANT*
                                        *HIKVISION USA, INC.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 10, 2023, the foregoing document was served via electronic means upon the following counsel of record for Plaintiff who have appeared in this case:

> William P. Ramey, III
> wramey@rameyfirm.com
> Jeffrey E. Kubiak
> jkubiak@rameyfirm.com
> Ramey LLP
> 5020 Montrose Blvd.
> Suite 800
> Houston, Texas 77006

*/s/ Keith B. Davis*