IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONTIGUITY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00160-N |
| | § | |
| HIKVISION USA, INC., | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Defendant Hikvision USA, Inc.'s ("Hikvision") motion to dismiss [20]. Because Plaintiff Contiguity LLC ("Contiguity") has not adequately pled a claim for relief against Hikvision, the Court grants the motion.

## I. THE PATENT INFRINGEMENT DISPUTE

This motion arises from a patent dispute between Contiguity and Hikvision. Contiguity is the record owner of the United State Patent No. 8,031,084 (the "'084 Patent"). Pl.'s First Am. Compl. ¶ 9 [18]. The '084 Patent covers, among other things, a "[m]ethod of infraction detection based on vehicle traffic flow data," comprising several claim limitations, including "determining a speed of the first vehicle;" "generating a citation signal when the speed of the first vehicle exceeds a predetermined speed;" and "attempting to transmit the citation signal to a device of a person associated with the vehicle." Pl.'s First Am. Compl., Ex. A, 11 [18-1]. Contiguity brings claims against Hikvision for direct and indirect infringement of the '084 Patent. Hikvision moves to dismiss Contiguity's

ORDER – PAGE 1

claims on the grounds that the patent is invalid under 35 U.S.C. § 101, and Contiguity fails to state a claim for infringement under Federal Rule of Civil Procedure 12(b)(6).

## II. RULE 12(B)(6) STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents

ORDER – PAGE 2

incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g., Funk*, 631 F.3d at 783 (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS THE MOTION TO DISMISS

"[D]irect infringement requires a single party to perform every step of a claim method." *Aristocrat Techs. Australia Pty. Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1353 (Fed. Cir. 2013). For a patent infringement claim to survive a motion to dismiss, the complaint must include "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp.*

ORDER – PAGE 3

*of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). The Court determines that Contiguity has not pled enough factual allegations to state a claim for infringement. Because this is an independently sufficient ground for dismissal, the Court declines to address the '084 Patent's validity under 35 U.S.C. § 101.

Hikvision asserts, and Contiguity does not contest, that the Claim 1 limitation "attempting to transmit the citation signal to a device of a person associated with the vehicle" is material to the '084 Patent.[1] Def.'s Mot. to Dismiss at 16–18; Def.'s Reply 7–8 [36]; *see also* Pl.'s First Am. Compl. ¶ 18–19. However, Contiguity's claim chart, incorporated into its First Amended Complaint by reference, states only that the accused Hikvision product transmits citation signals to police or law enforcement. Pl.'s First Am. Compl., Ex. 2, 10, 12-13 [18-2]. Conspicuously absent is any allegation that the accused Hikvision products at any time transmit or attempt to transmit a citation signal to the person associated with the vehicle, as required by the '084 Patent claim limitations.

Contiguity argues that its assertions that Hikvision's products "first" transmit a signal to the police does not exclude the possibility that the products also transmit a signal to the person with the vehicle. Pl.'s Resp. in Opp. 16 [31]. While that proposition is true, it does not save Contiguity's complaint. Contiguity bears the burden of pleading facts sufficient to state a claim for relief. Contiguity has twice failed to plead facts alleging that the accused Hikvision product practices this material Claim 1 limitation. Similarly,

---

[1] The Court takes judicial notice of the '084 Patent prosecution history as referenced in Plaintiff's First Amended Complaint [18], *see Dorsey*, 540 F.3d at 338, and as a matter of public record. *See Funk*, 631 F.3d at 783.

ORDER – PAGE 4

Contiguity has not pled any facts plausibly alleging that Hikvision "specifically intended their customers to infringe the [] patent and knew that the customer's acts constituted infringement," as required to state an induced infringement claim. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Contiguity fails to allege facts supporting either theory of infringement. Accordingly, the Court grants the motion to dismiss.

## CONCLUSION

Because Contiguity has not alleged facts sufficient to state a claim for patent infringement, the Court grants Hikvision's motion to dismiss. Contiguity has had two opportunities to plead facts sufficient to state a claim for relief under Rule 12(b)(6), first in its Original Complaint, and again in its First Amended Complaint. Because Contiguity has twice failed to plead facts sufficient to state a claim, the Court denies leave to file a third complaint, and will by separate judgment, dismiss Contiguity's claims against Hikvision with prejudice.

Signed December 19, 2023.

David C. Godbey
Chief United States District Judge