IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CONTIGUITY, LLC,** | |
| Plaintiff, | |
| v. | Case No. 3:23-cv-00160 |
| **HIKVISION USA, INC.,** | Jury Demand |
| Defendant. | |

**PLAINTIFF'S MOTION TO MODIFY THE JUDGMENT**

Pursuant to Fed. R. Civ. P. 59 and 60, Plaintiff Contiguity, LLC ("Plaintiff" or "Contiguity") hereby files this Motion to Modify the Judgment of the December 19, 2023 Order (Doc. 37 or "the Order") granting Hikvision USA, Inc.'s ("Defendant" or "Hikvision") Motion to Dismiss ("Motion") Plaintiff's First Amended Complaint ("FAC") without leave to amend. As set forth herein, Contiguity requests that the Order be altered to grant Contiguity leave to file a second amended complaint, and that the final judgment entered December 19, 2023 (Doc. 38) be vacated.

I.  INTRODUCTION

Contiguity respectfully submits that the Court's Order dismissing its FAC without leave to amend was in error. Although the Court stated that Contiguity had "twice" failed to cure pleading deficiencies, in fact there had been no prior order in this case finding any deficiency in Contiguity's pleadings. Indeed, Contiguity's FAC was filed pursuant to a joint stipulation of the parties, not in response to any previous guidance from the Court. As such, the dismissal without leave to amend is contrary to well-settled precedent and the policy of Fed. R. Civ. P. 15 allowing at least one opportunity to amend in response to guidance from the Court regarding deficiencies in the complaint. Moreover, as shown herein and in Contiguity's [Proposed] Second Amended

1

Complaint, leave to amend would not be futile, and the deficiency identified in the Court's Order can be easily remedied.

This case differs markedly from cases where leave to amend has been denied in response to "repeated" failures to cure pleading deficiencies, in that such repeated "failures" generally occur when a plaintiff has ignored prior guidance from a court. However, as already indicated, Contiguity received no prior indication from the Court that its complaint was deficient under *Twombly/Iqbal*, and Contiguity has effectively been deprived of an opportunity to cure the deficiency identified by the Court, which is commonly afforded to plaintiffs.

For the reasons set forth herein, Contiguity's Motion should be granted, final judgment should be vacated, and Contiguity should be permitted to file a second amended complaint.

## II.   STATEMENT OF FACTS

On January 20, 2023, Contiguity filed its Original Complaint. Doc. 1. On June 26, 2023, by joint stipulation of the parties, Contiguity filed its FAC, adding allegations relating to patent-eligibility issues under 35 U.S.C. § 101, after Contiguity's complaint in separate lawsuit in the Western District of Texas was dismissed without prejudice on Section 101 grounds, i.e., different grounds than the Court later reached in this case. Doc. 18.

On July 10, 2023, Hikvision filed a Motion to Dismiss the FAC, challenging Contiguity's FAC principally on patent-eligibility grounds under Section 101, as well as the sufficiency of its allegation of patent infringement under *Twombly/Iqbal*.

On December 19, 2023, the Court granted Hikvision's Motion to Dismiss. Doc. 37. The Court declined to reach the Section 101 issues, and instead resolved the Motion under *Twombly/Iqbal*, finding that Contiguity's FAC did not adequately plead claims for patent infringement. *Id*. at 3-5. In its Order, the Court stated that "[b]ecause Contiguity has twice failed to plead facts sufficient to state a claim, the Court denies leave to file a third complaint." *Id*. at 5.

Prior to its December 19, 2023 Order, however, the Court had ***not*** previously dismissed Plaintiff's Original Complaint in this case, nor had Hikvision filed a Motion to Dismiss the

Original Complaint. Indeed, the Court had made ***no prior finding*** that Contiguity had "failed to plead facts sufficient to state a claim." Instead, the Order was the Court's ***first*** guidance to Contiguity regarding the sufficiency of its Complaint under *Twombly/Iqbal* or otherwise (and resulted from Hikvision's first and only Motion to Dismiss in this case).

As argued herein, the Court's Order declining to give Contiguity leave to amend is contrary to the policy favoring leave to amend underlying Fed.R.Civ.P. 15(a)(2). In this case, leave to amend would not be futile, and there is no other reason warranting denial of leave to amend.

### III. LEGAL STANDARD

A motion under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 478 (5th Cir.2004) (internal citations omitted). A Rule 59(e) motion merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. "When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

### IV. ARGUMENT

A district court should "freely give leave" to amend a complaint "when justice so requires." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). "[G]ranting leave to amend is especially appropriate ... when the trial court has dismissed the complaint for failure to state a claim." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Id*.

"Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Cardinal Health*, 625 F.3d at 270. None of these factors warranted denial of leave to amend in this case.

First, Contiguity did not engage in a pattern of "repeated failure to cure deficiencies." Although the Court's Order referred to the Contiguity "twice" having failed to "plead facts sufficient to state a claim," there was no such finding in this case prior to the Order itself. Rather, the Court was apparently referring to the fact that the Contiguity already filed a FAC in this case (which was by joint stipulation). However, Contiguity's FAC added allegations relevant to Section 101 issues, after dismissal without prejudice under Section 101 occurred in a separate case. Neither court had addressed the sufficiency of Contiguity's infringement allegations under *Twombly/Iqbal* as of the filing of the FAC in this case. As such, Contiguity respectfully submits that the Court's assertion that Contiguity "twice" failed plead sufficient facts while technically correct, does not account that the Court only considered the pleading one time, and should not be proper basis on which to deny leave to amend. Contiguity had no prior guidance from the Court regarding any alleged factual deficiencies under *Twombly/Iqbal*, nor had Hikvision yet filed a Motion to Dismiss on this ground.

The difference between this case and *Soar Tools* is instructive. There, the Court dismissed a complaint for patent infringement because the patentee had "twice failed to sufficiently allege how the accused product infringes its patent." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2021 WL 3030066, at *8–9 (N.D. Tex. July 2, 2021). However, in *Soar Tools*, the patentee had "failed to remedy a pleading deficiency identified by the Court in its previous order." *Id*. Thus, the Court analogized itself to *Roe*, where the plaintiff "failed to remedy the deficiencies that the district court identified in the first dismissal order." *Id*. (citing *Roe v. United States*, 839 F. App'x 836, 848 (5th Cir. 2020)). But the situation in this case is the opposite of that

in *Soar* and *Roe*—i.e., Contiguity's FAC was not filed to address the "first dismissal order" in this case. Indeed, the Court's Decembet 19, 2023 Order was itself the "first dismissal."

Second, in *Soar Tools*, the patentee engaged in vexatious litigation behavior, including by using photographs of an unrelated third-party's products and misrepresenting them as defendant's products. *Soar Tools*, 2021 WL 3030066, at *8–9. There is no similar indication of "bad faith" in this case that would somehow warrant dismissal without leave to amend.

Further, leave to amend would not be futile. On the contrary, Plaintiff can and will (if allowed leave to amend) state a plausible claim for patent infringement. The Court's Order found that Contiguity's FAC (and accompanying claim chart) deficient solely because it lacked "any allegation that the accused Hikvision products at any time transmit or attempt to transmit a citation signal to the person associated with the vehicle, as required by the '084 Patent claim limitations." Doc. 37 at 4. Leave to amend was previously requested in Plaintiff'/s response to Defendant's Motion to Dismiss.[1]

Plaintiff has drafted a proposed Second Amended Complaint addressing the issues identified by the Court in dismissing the case. Specifically, as alleged in Contiguity's [Proposed] Second Amended Complaint, Contiguity alleges that:

> 28. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '084 Patent Claims, by having its employees internally test and use these Exemplary Products. It is standard practice for any company to thoroughly test its products and, in this instance, for Defendant to test the functioning of the citation signal. During internal testing and use of the Exemplary Products, Defendant attempts to transmit a citation signal to a device of one of Defendant's employees driving or otherwise associated with the vehicle used as part of Defendant's internal testing. Thus, the citation signal would need to be routed directly to Defendant, and/or to an employee or agent of Defendant associated with the vehicle.[2]

---

[1] Doc. No. 31 at 17.
[2] Ex. A at ¶28.

5

Thus, Contiguity plausibly alleges that Hikvision, during its internal testing, operates a vehicle in order to test the claimed method. During Hikvision's testing, Plaintiff alleges Hikvision transmits a citation signal to a Hikvision employee "associated with the vehicle" as part of this testing.

"Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Allen v. Sherman Operating Co., LLC*, No. 4:20-CV-290-SDJ-KPJ, 2021 WL 860458, at *12 (E.D. Tex. Feb. 18, 2021) (quoting *Justice v. PSI-Intertek*, No. 3:20-CV-3172-S-BN, 2021 WL 39587, at *1 (N.D. Tex. Jan. 4, 2021)). Under this standard, Contiguity's [Proposed] Second Amended Complaint easily passes muster and addresses the deficiency identified in the Court's Order.

## IV.   CONCLUSION

Accordingly, Contiguity requests that its Motion for Reconsideration be granted, that the Order dismissing Contiguity's FAC be altered or amended to permit Contiguity leave to file a Second Amended Complaint, and that the final judgment entered December 19, 2023 be vacated. Plaintiff has attached a proposed Second Amended Complaint as Exhibit A.

Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for CONTIGUITY LLC.***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 16, 2024, with a copy of the foregoing via email and ECF filing.

/s/ William P. Ramey, III
William P. Ramey, III
