**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CONTIGUITY LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>HIKVISION USA, INC.,<br><br>        Defendant. | Case No. 3:23-cv-00160-N |

**DEFENDANT HIKVISION'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE THE FINAL JUDGMENT**

# **TABLE OF CONTENTS**

**Page**

I.     Legal Standard ................................................................................................. 1

II.    Contiguity Was Fully On Notice Of The Deficiencies In Its Infringement Claim
       *Before* It Filed The First Amended Complaint, But Did Not (and Could Not)
       Remedy Those Deficiencies. ........................................................................... 2

III.   Contiguity's Proposed Second Amended Complaint Is Improper And Untimely............. 7

IV.    Contiguity Failed To Meet And Confer.......................................................... 8

V.     Conclusion ....................................................................................................... 8

## TABLE OF AUTHORITIES

Page

CASES

*ALD Soc. LLC v. Google LLC*,
  2023 WL 3184631, at *5-6 (W.D. Tex. Mar. 17, 2023) ......................................................4, 5

*Castillo v. Bos. Sci. Corp.*,
  No. 7:20-cv-123, 2021 WL 3630001 (S.D. Tex. Jan. 19, 2021) ......................................1, 5, 8

*Douglas v. DePhillips*,
  740 F. App'x 403 (5th Cir. 2018) .........................................................................................5

*Federal Deposit Ins. Corp. v. Meyer*,
  781 F.2d 1260, 1268 (7th Cir. 1986) .....................................................................................7

*Goldstein v. MCI WorldCom*,
  340 F.3d 238 (5th Cir. 2003) .................................................................................................5

*Guy v. Crown Equip. Corp.*,
  394 F.3d 320 (5th Cir. 2004) .................................................................................................1

*Rosenzweig v. Azurix Corp.*,
  332 F.3d 854 (5th Cir. 2003) .............................................................................................1, 8

*Schiller v. Physicians Res. Grp., Inc.*,
  342 F.3d 563 (5th Cir. 2003) .................................................................................................5

*Simon v. United States*,
  891 F.2d 1154 (5th Cir. 1990) ...............................................................................................7

*Templet v. HydroChem Inc.*,
  367 F.3d 473 (5th Cir. 2004) .............................................................................................1, 7

*U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*,
  336 F.3d 375 (5th Cir. 2003) .................................................................................................5

*Vielma v. Eureka Co.*,
  218 F.3d 458 (5th Cir. 2000) .................................................................................................7

*Waltman v. Int'l Paper Co.*,
  875 F.2d 468 (5th Cir. 1989) .................................................................................................1

*Worrell v. Hous. Can! Acad.*,
    287 F. App'x 320 (5th Cir. 2008) ........................................................................7

**STATUTES**

35 U.S.C. § 101 ..............................................................................................................3

**OTHER AUTHORITIES**

Federal Rule 59(e)..........................................................................................1, 5, 7, 8

Federal Rule 60 ..............................................................................................................1

Local Rule 7.1(a) ...........................................................................................................8

Local Rule 7.1(b) ...........................................................................................................8

Rule 12(b)(6) ..................................................................................................................6

Rule 15(a)........................................................................................................................5

Contiguity's Motion (Dkt. 40) seeking to vacate the Final Judgment (Dkt. 38) and to alter the Court's Order (Dkt. 37) dismissing Contiguity's patent infringement claims with prejudice should be denied.

## I.      Legal Standard

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Federal Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).  "'Manifest error' is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).  Manifest injustice "does not exist when a party's strategic decisions or careless briefing resulted in an outcome which could have been avoided prior to entry of the final order." *Castillo v. Bos. Sci. Corp.*, No. 7:20-cv-123, 2021 WL 3630001, at *1 (S.D. Tex. Jan. 19, 2021)

The burden is on Contiguity as the movant to "clearly establish a manifest error of law or fact." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).  While Contiguity's Motion recites the Rule 59(e) standard,[1] Contiguity's Motion makes no effort to identify what purported manifest error of law, manifest error of fact, or newly-discovered evidence it relies upon.  None exists, and Contiguity cannot carry its burden.

---

[1] Contiguity's Motion makes a passing reference to Federal Rule 60, but makes no argument that Rule 60 is applicable here and never discusses the Rule 60 standard.

II.    **Contiguity Was Fully On Notice Of The Deficiencies In Its Infringement Claim** ***Before*** **It Filed The First Amended Complaint, But Did Not (and Could Not) Remedy Those Deficiencies.**

Contiguity argues the Court erred in dismissing its First Amended Complaint (FAC) (Dkt. 18) with prejudice because Contiguity had not received "prior guidance" regarding the factual deficiencies that were fatal to its patent infringement claim under *Twombly*/*Iqbal* and *Bot M8*. However, over three months before Contiguity filed the FAC, Hikvision had notified Contiguity by phone and in writing of the deficiencies in its infringement claim—the same fatal and incurable deficiencies that led the Court to dismiss this case with prejudice.  *See* Ex. A (APPENDIX_003-05).

Contiguity's "Statement Of Facts" (Dkt. 40 at 2-3) presents only a partial timeline of the events that led to the Court's dismissal with prejudice, omitting important facts summarized below.

**March 7, 2023**:  In an effort to end this case without burdening the Court with motions practice, Hikvision contacted Contiguity on March 7, 2023, and explained in detail why its infringement claim was defective, and why the original Complaint (Dkt. 1) should be dismissed. Hikvision's counsel informed Contiguity's counsel by phone and in writing of its failure to state a viable infringement claim:

> Contiguity's claim charts attached to the complaint do not identify any functionality in the accused Hikvision "Speed Measurement Solution" product for transmitting or communicating a "citation signal to a device of a person associated with the vehicle." Instead, Contiguity's claim charts explicitly and exclusively refer solely to traffic violations being sent to the police or law enforcement—with the police then issuing a ticket/citation to a speeding driver in a conventional manner … Even according to Contiguity's infringement claim charts, the accused Hikvision product cannot infringe any of the claims of the '084 patent because there is no attempt to transmit/communicate a citation signal to a wireless device of a person associated with a vehicle.

Ex. A (APPENDIX_003-05) (internal quotation omitted).  Thus, as of March 7, 2023, Contiguity was fully on notice that it had failed to plead how the accused Hikvision product transmitted any "citation signal to a device of a person associated with the vehicle" as required by the '084 patent

claims.  As Hikvision told Contiguity in March 2023, the facts pleaded by Contiguity actually contradicted the infringement claim, since Contiguity alleged that a citation signal was sent to police or law enforcement, not to any "person associated with the vehicle."

**June 16, 2023**: The parties jointly stipulated that Contiguity be permitted to amend the original Complaint (Dkt. 17).  The joint stipulation acknowledged that "the Parties have met and conferred regarding the adequacy of the initial Complaint" and "[Contiguity] wishes to amend its initial Complaint in response to those conferences."  The Court granted that stipulation (Dkt. 19).

**June 26, 2023**:  Contiguity filed its FAC on June 26, 2023.  Dkt. 18.  Despite Hikvision previously notifying Contiguity in March 2023 of the factual shortcomings and contradictions in its infringement claim, Contiguity made no attempt to remedy the deficient infringement allegations in the FAC when it was filed two months later, in June 2023.  Contiguity instead amended the FAC solely to "add[] allegations relating to patent-eligibility issues under 35 U.S.C. § 101."  Dkt. 40 at 2, 4 ("Contiguity's FAC added allegations relevant to Section 101 issues").

**July 20, 2023**:  Hikvision then moved to dismiss the FAC.  Dkt. 20.  Hikvision asked the Court to dismiss the FAC, in part, for the very same reasons it had identified to Contiguity several months before: because Contiguity had not (and could not) allege the accused Hikvision product communicated a citation signal to "a device of a person associated with a vehicle", *e.g.*:

> [T]he FAC fails to state a plausible claim for infringement by Hikvision. The FAC and the attached claim chart plead facts that are inconsistent with, and contradict, Contiguity's infringement allegations. The '084 patent claims require attempting to transmit a "citation signal" (i.e., a speeding ticket) to "a device of a person associated with a vehicle," rather than having police issue a speeding ticket in the conventional way. As the FAC expressly pleads, in the accused Hikvision product, any alleged "citation signal" is transmitted to ***police***, and ***not*** to ***a person's device***, as all the '084 patent claims require. With its inconsistent and contradictory allegations, Contiguity has "pleaded itself out of court" under governing Federal Circuit precedent.

Dkt. 20 at 1; *see also id*. at 15-21.  Hikvision further maintained in its opening brief that the FAC should be dismissed with prejudice, and any potential amendment would be futile.  *See* Dkt. 20 at 22.  Recognizing that Contiguity had already twice tried—and failed—to plead a viable infringement claim, Hikvision urged the Court to deny "Contiguity a third bite at pleading infringement of the '084 patent."  *Id*.

**August 21, 2023**:  Rather than seeking to amend the FAC to address the fatal pleading defects Hikvision had identified in its prior correspondence and in its motion to dismiss, Contiguity instead chose to file an Opposition.  *See* Dkt. 31.  Contiguity defended the sufficiency of the FAC and argued that it had adequately pleaded infringement.  Dkt. 31 at 3-4, 16-17.  Contiguity's Opposition concluded with a perfunctory request that "if the Court is inclined to grant Hikvision's Motion in any respect, Contiguity would ask that any such dismissal be without prejudice and with leave to amend."  Dkt. 31 at 17.  Contiguity did not at that time, however, provide the Court with a proposed amended complaint, nor did Contiguity explain how any potential amendment would overcome Hikvision's futility argument and cure the pleading defects Hikvision had identified.  *See* Dkt. 31 at 17.

**September 19, 2023**:  Hikvision's Reply in support of its motion to dismiss further demonstrated that Contiguity's FAC failed to state a plausible infringement claim, and the facts as pleaded in the FAC were actually inconsistent with, and contradicted, Contiguity's infringement claim.  Dkt. 36 at 7-10.  Hikvision's Reply again urged the Court to dismiss the FAC with prejudice and to reject Contiguity's boilerplate, one-sentence request for leave to amend, noting that "the Fifth Circuit has rejected such a bare request 'tacked' to the end of an opposition as a proper request for leave to amend."  *Id*. at 10.  In support, Hikvision's Reply cited the exemplary dismissal with prejudice of a patent infringement complaint in *ALD Soc.*

*LLC v. Google LLC* (Ex. B (APPENDIX_006-11)), where the plaintiff patent owner had made a similar bare request for leave to amend at the end of an opposition brief.  Dkt. 36 at 10 (citing 2023 WL 3184631, at *5-6 (W.D. Tex. Mar. 17, 2023) (collecting cases)[2]).

Notably, Contiguity's counsel here also represented the plaintiff patent owner in *ALD v. Google* (*see* 2023 WL 3184631, at *1) (APPENDIX_006), so Contiguity's counsel thus was already well aware of that decision, the governing Fifth Circuit law, and this Court's discretionary authority to enter a dismissal with prejudice in this case, given the similar procedural posture.  Yet Contiguity made the strategic decision to forego, via sur-reply or otherwise, addressing Hikvision's futility argument or submitting to the Court at that time a proposed further amended complaint.  *See Castillo*, 2021 WL 3630001, at *3 (denying Rule 59(e) motion where "Plaintiff was on notice of the possibility of dismissal with prejudice and strategically chose to defend her original complaint rather than file an amended complaint with additional facts.").

**December 19, 2023**:  After the briefing was completed, this Court dismissed Contiguity's FAC with prejudice, pointing to the same pleading defects that Hikvision had originally

---

[2] *See Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018) ("At the end of their opposition to the motion to dismiss, Appellants stated that they 'should be given an opportunity to amend ... to further state any claims considered deficient' and 'to plead further' [plaintiff's] claims. These statements are insufficient to constitute a request for leave to amend under Rule 15(a)."); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 565 (5th Cir. 2003) (denying leave to amend where party did not formally move for leave or attach a copy of proposed amended complaint); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (no abuse of discretion in denying leave to amend where plaintiffs "tacked on a general curative amendment request to the end of their response in opposition to the defendants' motion to dismiss"); *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("bare request in an opposition to a motion to dismiss–without any indication of the particular grounds on which the amendment is sought ... does not constitute a motion within the contemplation of Rule 15(a)").

identified to Contiguity in March 2023—defects that Contiguity knew about but failed to address

in the June 2023 FAC:

> Hikvision asserts, and Contiguity does not contest, that the Claim 1 limitation "attempting to transmit the citation signal to a device of a person associated with the vehicle" is material to the '084 Patent.  However, Contiguity's claim chart, incorporated into its First Amended Complaint by reference, states only that the accused Hikvision product transmits citation signals to police or law enforcement.  Conspicuously absent is any allegation that the accused Hikvision products at any time transmit or attempt to transmit a citation signal to the person associated with the vehicle, as required by the '084 Patent claim limitations.
>
> Contiguity argues that its assertions that Hikvision's products "first" transmit a signal to the police does not exclude the possibility that the products also transmit a signal to the person with the vehicle.  While that proposition is true, it does not save Contiguity's complaint. Contiguity bears the burden of pleading facts sufficient to state a claim for relief. Contiguity has twice failed to plead facts alleging that the accused Hikvision product practices this material Claim 1 limitation.

Dkt. 37 at 4-5 (citations omitted).  The Court dismissed the FAC with prejudice, correctly

finding that Contiguity had already "twice failed" to plausibly plead infringement:

> Contiguity has had two opportunities to plead facts sufficient to state a claim for relief under Rule 12(b)(6), first in its Original Complaint, and again in its First Amended Complaint. Because Contiguity has twice failed to plead facts sufficient to state a claim, the Court denies leave to file a third complaint, and will by separate judgment, dismiss Contiguity's claims against Hikvision with prejudice.

Dkt. 37 at 5.

* * *

Contiguity acknowledges the Court was "technically correct" that Contiguity had twice

failed to plead sufficient facts.  Dkt. 40 at 4.  Contiguity's carefully-worded assertions that it

"had no prior guidance *from the Court* regarding any alleged factual deficiencies under

*Twombly*/*Iqbal*," (Dkt. 40 at 4, emphasis added), ignores that Hikvision had detailed those exact

deficiencies to Contiguity in March 2023 (*see* Ex. A (APPENDIX_003-05)), three months before

Contiguity filed the FAC.  Contiguity indisputably had this "prior guidance" before filing the

FAC, but chose not to act on it.  As Contiguity repeatedly failed to state a plausible patent

infringement claim, the Court's dismissal with prejudice and entry of final judgment was entirely proper.

### III.     Contiguity's Proposed Second Amended Complaint Is Improper And Untimely.

A Rule 59(e) motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.  Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued," and "they cannot be used to argue a case under a new legal theory."  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

Here, at best, Contiguity's proposed Second Amended Complaint ("SAC") (Dkt. 40-1), raises an argument or theory that could have been offered before the Court entered Final Judgment. What Contiguity purports to add in the proposed SAC are speculative allegations about hypothetical "internal testing" that "any company" would allegedly perform as "standard practice."  Dkt. 40 at 5.  Contiguity cites no new allegations in the SAC that are specific to Hikvision or Hikvision products, and does not point to any alleged newly-discovered evidence. Contiguity does not (and cannot) explain why it was unable to include these generic "internal testing" allegations in the FAC (or the original Complaint), and this provides no basis for undoing the Court's prior entry of judgment.  *See Worrell v. Hous. Can! Acad.*, 287 F. App'x 320, 327 (5th Cir. 2008) (declining to consider "Rule 59(e) motion" because it "was nothing more than a belated effort to offer evidence and make arguments that [movant] could have raised before"); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (Fifth Circuit has "consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling").

Where a plaintiff, like Contiguity here, initially "stands by its former complaint, challenges the defendant's motion to dismiss, and makes only a breezy request to amend without apprising the district court of what facts would be pled in an amended complaint to cure deficiencies," the plaintiff cannot then offer an amended complaint "as an attachment to [its] Rule 59(e) motion after final judgment had already been entered" as a justification for undoing the judgment. *Castillo*, 2021 WL 3630001, at *3. Even if Contiguity's speculative infringement theory in the SAC about "internal testing" could conceivably cure the pleading defects underlying the Court's dismissal— which it does not—the SAC is untimely and should be rejected. *See Rosenzweig*, 332 F.3d at 865 (affirming denial of Rule 59(e) motion where plaintiffs "deliberately chose to delay amending their complaint" because a "busy district court need not allow itself to be imposed upon by the presentation of theories seriatim").

## IV.     Contiguity Failed To Meet And Confer.

Before filing its Motion (Dkt. 40), Contiguity's counsel failed to confer with Hikvision's counsel pursuant to Local Rule 7.1(a), and the Motion consequently omits any certificate of conference under Local Rule 7.1(b). An attorney conference in this instance may have been beneficial, as Hikvision would have had an opportunity to remind Contiguity that Hikvision gave detailed "prior guidance" of the flaws in the infringement claim on March 7, 2023, three months before Contiguity filed the FAC.

## V.     Conclusion

Contiguity fails to meet the Rule 59(e) standard for altering or reopening the Court's Order (Dkt. 37) or Final Judgment (Dkt. 38). Contiguity has not clearly established any manifest error of law or fact that warrants reconsideration or vacatur, nor does Contiguity mention or attempt to rely upon any newly discovered evidence. Contiguity's Motion (Dkt. 40) should be denied in its entirety.

Dated: February 6, 2024          Respectfully submitted,

*/s/ Keith B. Davis*
Keith B. Davis
Texas State Bar No. 24037895
JONES DAY
2727 North Harwood Street
Dallas, TX 75201.1515
Telephone: +1.214.220.3939
Facsimile: +1.214.969.5100
*ATTORNEY FOR DEFENDANT, HIKVISION USA*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on February 6, 2024, the foregoing document was served via electronic means upon the following counsel of record for Plaintiff who have appeared in this case:

> William P. Ramey, III
> wramey@rameyfirm.com
> Jeffrey E. Kubiak
> jkubiak@rameyfirm.com
> Ramey LLP
> 5020 Montrose Blvd.
> Suite 800
> Houston, Texas 77006

*/s/ Keith B. Davis*